UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:07-cr-0126-SEB-DML |
| | ) | |
| RANDY GELLINGER, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On April 9, 2019, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on April 1, 2019.  Defendant Gellinger appeared in person with his appointed counsel Michael Donahoe.  The government appeared by Brad Shepard, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.    The Court advised Defendant Gellinger of his rights and provided him with a copy of the petition.  Defendant Gellinger orally waived his right to a preliminary hearing.

2.    After being placed under oath, Defendant Gellinger admitted violation numbers 1, 2, 3, 4, 5, and 6.  [Docket No. 88.]

3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

1    **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."**

The probation officer last had face-to-face contact with Mr. Gellinger on March 14, 2019, at his residence at 829 N. Gray Street, Indianapolis, Indiana. At that time, he was instructed to report to the probation office on March 19, 2019. However, he failed to report. He has made no contact with the probation officer and attempts to locate him have been to no avail.

2    **"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."**

On approximately February 20, 2019, Mr. Gellinger was terminated from his employment at ALSCO, a linen company in Indianapolis, Indiana. According to his employer, he was terminated after being a no show for approximately seven consecutive days. He has failed to follow the probation officer's instruction to obtain other employment, and he appears to be making no effort to find work.

3    **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

On March 26, 2019, the probation officer received information from the offender's roommate indicating he was last seen at the home on approximately March 23, 2019. However, it was believed he had been there on March 25, 2019, as he had allegedly stolen food while his roommate was away. On March 26, 2019, a call was received from the landlord stating the offender was stealing food from his roommate and had left dirty dishes in the sink. She had rarely seen him at the residence, but it was believed he was still residing there.

According to his roommate, he would leave the home for three to four days at a time. On March 29, 2019, the probation officer received additional information from Mr. Gellinger's roommate stating he had not returned to the residence. However, he had seen the offender walking down East 10th Street in Indianapolis, as well as at the bus transit. Attempts by the probation officer to locate the offender at his residence on March 21, 2019, and March 28, 2019, were unsuccessful. His whereabouts are unknown.

4       **"The defendant shall pay any fine that is imposed by the this judgment and that remains unpaid at the commencement of the term of supervised release."**

The offender is required to make a monthly payment toward his fine. He last made a payment of $5 on January 4, 2019. He has an outstanding balance of $601.

5       **"The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer."**

On February 20, 2019, the offender was terminated from the psychosexual treatment program at the Indianapolis Counseling Center. His termination resulted from his nonattendance and violating the agency's attendance policy. Subsequently, he was admitted to the Community Health East Hospital in Indianapolis from February 22, 2019, until February 27, 2019, as a psychiatry patient. His diagnosis was major depressive disorder. On March 6, 2019, he told the probation officer he was taking his sychotropic medication as prescribed and was mentally stable enough to resume sex offender treatment. As such, he was instructed to resume treatment on March 13, 2019. However, he failed to attend. Subsequently, the probation officer met with him on March 14, 2019, and instructed him to resume the treatment program on March 20, 2019. He failed to attend, and to date, he has not resumed participation in the program.

6       **"The defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school."**

According to Indiana State sex offender registration laws, the offender is required to keep the local registration authorities apprised of his whereabouts. He has an obligation to report any change of residence within 72 hours. It is believed Mr. Gellinger is not residing at his registered address of 829 N. Gray Street, Indianapolis, Indiana. He has not reported to the Marion County, Indiana, Sheriff's office to update his registration status.

4.    The parties stipulated that:

(a)    The highest grade of violation is a Grade B violation.

(b)    Defendant's criminal history category is IV.

(c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5.      The parties jointly recommended a sentence of twelve (12) months and one (1) day with lifetime supervision to follow.  Defendant requested placement at FMC Lexington or any other FMC facility.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of   twelve (12) months and one (1) day with lifetime supervision to follow.  In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1.  You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2.  You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3.  You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4.  You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5.  You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6.  You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7.  You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

These conditions are recommended to assist the probation officer in supervising the offender and to ensure the safety of the community. Given Mr. Gellinger's sex offense, and accompanied by his violation behavior while on supervised release, the aforementioned conditions are prudent.

Additional recommended conditions of supervision:

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: mental health treatment; sexual disorder assessment, treatment, and physiological testing; and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

16. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved

5

by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

17. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

18. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

19. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

20. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

21. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

22. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

23. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall

disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

Given Mr. Gellinger's conviction for Possession of Child Pornography, these conditions are recommended and are necessary to assist in community safety. Given a recent diagnosis for a mental health disorder, it is also recommended he participate in a mental health treatment program as directed by the probation officer.

Additional recommended conditions:

24. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

25. You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

These conditions are recommended to assist in the collection of any outstanding court fine balance.

Each condition of supervised release was reviewed with the defendant and read into the record.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge will make a recommendation of placement at FMC Lexington or a FMC facility with psychological treatment.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 04/12/2019

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

7

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal